IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JASON L. WHITE**
    **Petitioner,**

v.                                    No. 3:16-cv-00166-DRH

**UNITED STATES OF AMERICA**
    **Respondent.**

## ORDER

**HERNDON, District Judge:**

Before the Court is petitioner Jason White's ("White") Amended Petition to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 8). The government opposes (Doc. 11). Based on the following, the section 2255 petition (Doc. 8) is **DENIED**.

### I. BACKGROUND

On August 30, 2013, White was found guilty on one-count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 360-months imprisonment followed by five-years of supervised release. *See* Judgment, United States v. White, 3:12-cr-30022-DRH-1, ECF No. 102. On appeal, White only argued the issue of an alleged unreasonable search purportedly conducted in violation of the Fourth Amendment. *See United States v. White*, 781 F.3d 858 (7th Cir. 2015). The Seventh Circuit affirmed this Court's judgment, *see id.*, and on July 18, 2016, White filed the instant amended section

2255 petition based on the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Doc. 8).

Specifically, White challenges his status as a career offender after the Supreme Court found the residual clause in the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague under the Sixth Amendment's Due Process Clause; and, the Seventh Circuit, in *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), correspondingly held the holding in *Johnson* applies retroactively to cases on collateral review (*Id*.). He contends one of his three predicate offenses[1]—Aggravated Fleeing—which triggered sentence enhancement, only qualifies as a "violent felony" under the ACCA's residual clause. Therefore, White argues that because *Johnson* renders the residual clause unconstitutional, and *Price* generates retroactivity—he is entitled to a vacated or corrected sentence under section 2255 (*Id*. at 4).

Affirmatively, the government agrees the offense of "Aggravated Fleeing" triggers sentence enhancement ***only*** under the residual clause's definition of "violent felony," which under *Johnson* is deemed as unconstitutional (Doc. 11 at 3-4). However, the government more importantly points to the existence of an additional drug offense predicate—a 2003 conviction for Unlawful Possession with

---

[1] White's Presentence Investigation Report ("PSR"), Chapter Four Enhancement Section stated, in part: "[White] has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. These convictions have been identified as Attempt Armed Robbery (04-CF-2456; Aggravated Fleeing (06-CF-2759); and Unlawful Delivery of a Controlled Substance While Located within 1,000 Feet of a Church (09-CF-322). ***Therefore, [White] is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).*** *See*, Presentence Investigation Report at 7, United States v. White, 3:12-cr-30022-DRH-1, ECF No. 89 (emphasis added).

Intent to Deliver a Controlled Substance—which qualifies as a "serious drug offense" under the ACCA[2] (*Id*. at 4-5). As a result, the government maintains White possesses three legitimate prior felony convictions, and therefore cannot argue his sentence is unconstitutional or in excess of the statutory maximum allowable sentence as needed for entitlement to relief under section 2255 (*Id*.). Further, the government contends White is procedurally defaulted from raising his section 2255 issue in a post-conviction proceeding because he failed to raise the issue previously on direct appeal[3] (*Id*. at 6).

In return, White argues that rationale used in *United States v. Bennett*, 461 F.3d 910 (7th Cir. 2006) does not support upholding erroneous sentencing determinations based on findings not made by the sentencing court (Doc. 15 at 3). Next, White argues one of his other convictions—a 2004 Attempted Armed Robbery—used as a predicate offense for ACCA-status no longer qualifies post-*Johnson* because the 2004 Illinois "attempt statute" 720 ILCS 5/8-4 is not a violent felony for ACCA purposes when viewed categorically without examining the underlying conduct in the case (*Id*. at 4). Further, White requests leave to amend his section 2255 petition to add ineffective assistance of appellate counsel as a substantive claim (*Id*. at 7).

---

[2] On March 20, 2003, White was arrested after attempting to sell 7.4 grams of crack cocaine to an undercover law enforcement agent in Alton, Illinois. He was subsequently convicted of Unlawful Possession with Intent to Deliver a Controlled Substance and received a three-year term of probation; on February 2005 his probation was revoked and White was sentenced to five-years of imprisonment. *See*, Presentence Investigation Report at 8.

[3] The government argues, inter alia, White failed to raise either of the two exceptions to the procedural default rule, namely (1) ineffective assistance of counsel or (2) actual innocence; and therefore has effectively waived both exceptions.

## II. ANALYSIS

### A. *Bennett* Argument is Immaterial

It is undisputed that White has three legitimate prior felony convictions that satisfy ACCA requirements for sentence enhancement. *See* § 924(e)(1). As the government states, White's predicate convictions are: (1) Case No. 03-CF-824 Unlawful Possession with Intent to Deliver a Controlled Substance, Madison County Circuit Court, 2003; (2) Case No. 04-CF-2456 Attempted Armed Robbery, Madison County Circuit Court, 2004; and (3) Case No. 09-CF-322 Unlawful Delivery of a Controlled Substance While Located within 1,000 Feet of a Church, Madison County Circuit Court, 2008.

White argues that under *Bennett*, *somehow* it would be improper for the Court to support his ACCA-status by selecting—out of a laundry list of felony and drug offense convictions—a qualifying predicate conviction to satisfy sentence enhancement. Bluntly, *Bennett* has **zero** bearing on the issue presented. *See Bennett*, 461 F.3d at 913 (holding district court erred when enhancing defendant's sentence based on misdemeanor conduct). Nowhere in section 924(e)(1) is language that limits a district court's choice in electing which predicate offense to use in consideration for Chapter Four Enhancement. *See* 924(e)(1) (stating **only** requirements needed for sentence enhancement under § 924(e)(1) are three previous convictions—committed on occasions different from one another—by any court, for violent felonies or serious drug offenses, punishable by imprisonment exceeding one year); *Kirkland v. United States*, 687

F.3d 878, 888 (7th Cir. 2012) (explaining government must establish only that defendant has three prior violent felony or serious drug offense convictions).

White is gravely mistaken and or misled into presuming a specific predicate conviction needs to be typed into the specific "Chapter Four Enhancement" section of the Presentence Report ("PSR")—as Seventh Circuit law *definitively supports* use of a certified record of conviction or PSR **in toto** in order to satisfy sentence enhancement under section 924(e)(1). *See id*. (stating PSR satisfies showing for ACCA enhancement). Hypothetically, if White's 2255 petition was to be granted, and he was resentenced without consideration of the Aggravated Fleeing conviction; it would then be unobjectionable to consider the previously unconsidered "serious drug offense"—Unlawful Possession with Intent to Deliver a Controlled Substance—which the result of would be no different.[4]

## B. No Certificate of Appealability Issued

White's sentence and conviction are legal. He has not demonstrated his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" § 2255. The Court notes that letting White's

---

[4] White's alternative argument that attempted armed robbery no longer qualifies as an ACCA predicate after *Johnson* is similarly inaccurate. *See Morris v. United States*, 827 F.3d 696, 699 (7th Cir. 2016) (Hamilton, J., concurring) ("Congress [who] enacted [the] ACCA would have wanted the courts to treat such attempts as violent felonies as violent felonies under the Act"); *see also Rodgers v. United States*, 2017 WL 1019851, *6 (S.D. Ill. 2017) ("Seventh Circuit repeatedly has suggested that an Illinois attempted robbery conviction is properly considered as an ACCA predicate).

conviction and sentence stand would not result in a fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Under Rule 11(a) of the RULES GOVERNING § 2255 PROCEEDINGS, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether White's claim warrants a certificate of appealablity pursuant to 28 U.S.C. § 2253(c)(2). *See id*. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id*.

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealablity has been granted. *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, White must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations omitted).

Where a district court denies a habeas petition on procedural grounds, a certificate of appealability should be issued only if: (1) jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id*. at 485.

Here, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of White's claims. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as White's claims of IAC do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court **DECLINES** to certify any issues for review pursuant to section 2253(c).

### III. CONCLUSION

The bottom line is that White has three requisite predicate convictions on his record in order to support sentence enhancement pursuant to the ACCA. Based on that fact, the Court **DENIES** his § 2255 petition (Doc. 8). His request for leave to amend the section 2255 petition is also **DENIED**. The Court **DIRECTS** the Clerk of the Court to enter judgment directing the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.
Signed this 21st day of August, 2017.

Judge Herndon
2017.08.21
15:06:53 -05'00'

**UNITED STATES DISTRICT JUDGE**